UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
YADI MARK,                                          :
an individual,                                      :   CASE NO.:
                                                    :
          Plaintiff,                                :
                                                    :   Judge:
vs.                                                 :
                                                    :
                                                    :   Magistrate:
                                                    :
N & S INVESTMENT COMPANY, L.L.C.;                   :
PETITE ESPLANADE COVINGTON,                         :
L.L.C.,                                             :
                                                    :
                                                    :
          Defendants.                               :
------------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, YADI MARK, by and through her undersigned counsel, hereby files this Complaint and sues N & S INVESTMENT COMPANY, L.L.C. (hereinafter "N & S") and PETITE ESPLANADE COVINGTON, L.L.C. (hereinafter "ESPLANADE") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, YADI MARK, (hereinafter referred to as "MS. MARK"), is a resident of St. Tammany Parish, Louisiana. MS. MARK lives in Covington, Louisiana.

4. MS. MARK is a qualified individual with a disability under the ADA. MS. MARK sustained paraplegia as a result of a spinal cord injury.

5. Due to her disability, MS. MARK is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, ESPLANADE is a limited liability company organized in the State of Louisiana and having the domicile of 1200 Business 190, Suite 13, Covington, Louisiana 70433.

7. Upon information and belief, ESPLANADE is doing business in St. Tammany Parish and owns immovable property in St. Tammany Parish.

8. Upon information and belief, N & S is a limited liability company organized in the State of Louisiana and having the domicile of 13273 Highway 1077, Folsom, Louisiana 70437.

9. Upon information and belief, N & S is doing business in St. Tammany Parish and owns immovable property in St. Tammany Parish.

10. Upon information and belief, ESPLANADE is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: a shopping center located at 1200 Highway 190 and Business 190, Covington, Louisiana 70433 (hereinafter referred to as "the Property").

11. The Property is shopping center which contains tenants such as Rouses, Family Dollar, among others.

12. Upon information and belief, N & S and ESPLANADE are the joint owners of the portion of the shopping center bearing the address 1250 Highway 190, Covington, Louisiana 70433.

13. Upon information and belief, the portion of the shopping center bearing the address 1250 Highway 190 is a Bud's Broiler restaurant.

14. DEFENDANTS are obligated to comply with the ADA.

15. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, St. Tammany Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

16. MS. MARK realleges and reavers Paragraphs 1 - 15 as if they were expressly restated herein.

17. The Property is a place of public accommodation, subject to the ADA, generally located at: 1200-1250 Highway 190 and Business 190, Covington, Louisiana 70433.

18. Upon information and belief, MS. MARK has visited the Property in the past and desires to visit the Property again in the near future.

19. Upon information and belief, MS. MARK'S most recent visit prior to filing this original Complaint was in October of 2015.

20. As a result of the barriers discussed below, MS. MARK experienced serious difficulty accessing the goods and utilizing the services offered at the Property.

21. MS. MARK continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraphs 26 and 27 which still exist.

22. MS. MARK lives within a close geographic proximity of the Property.

23. MS. MARK intends on returning to the Property to patronize the stores and restaurants located thereon.

24. Additionally, MS. MARK intends on returning to the Property to see whether the barriers to access which are the subject of this suit have been remedied.

25. MS. MARK intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

26. Upon information and belief, ESPLANADE is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF ESPLANADE:

   A. At the accessible-designated parking spaces near Cuts Plus, the accessible-designated parking signage is faded and unreadable.

   B. There is no accessible route connecting the building containing the Dollar Tree to the building containing the Blossom Garden as a result of a non-compliant curb ramp.

   C. The accessible-designated parking space near Routes, Blossom Garden, BigLots is not marked with vertical signage.

   D. The curb cut serving the Dollar Tree is excessively steep and has excessively steep side flares.

   E. The curb cut to the right of the Dollar Tree is excessively steep and has an uneven transition as a result of cracked and broken asphalt.

   F. The required accessible-route along the promenade of the Property near BigLots has an excessive cross slope.

   G. There is no accessible route connecting the accessible-designated parking near the BigLots with the store's entrance.

   H. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

27. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

 I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

   A. The accessible-designated parking is not adequately dispersed across the Property.

   B. The sale and service counter at Buds Broiler is excessively high off the finished floor.

   C. There is no accessible-designated seating inside the Buds Broiler.

   D. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

28. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions

of the ADA, even though removal is readily achievable.

29. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

30. Upon information and belief, removal of the barriers to access located on the Property would provide MS. MARK with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

31. Independent of her intent to return as a patron to the Property, MS. MARK additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

32. MS. MARK has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. MARK is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. MARK demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

  A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

  B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. MARK; and

D.      That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
     Garret S. DeReus